*Ex Parte* Lawrence.

Opinion delivered November 8, 1902.

CRIMINAL LAW—CONFINEMENT IN PENITENTIARY.—Under Sand. & H. Dig., § 2442, providing that if a judgment of confinement in the penitentiary has been executed before the certificate of appeal is delivered to the sheriff, whose duty it is to execute the judgment, the defendant shall remain in the penitentiary during the pendency of the appeal, a petitioner who has been lodged in the penitentiary after the issuance of the supersedeas, but before the supersedeas was served on the officer charged with execution of the sentence, is not entitled to be sent back to the county jail.

Petition for Habeas Corpus.

Denied.

*Edwin Hiner,* for petitioner.

*Geo. W. Murphy, Attorney General,* for State.

HUGHES, J. James Lawrence, the petitioner, was convicted of forgery in the Sebastian circuit court, and appealed to the supreme court. A writ of supersedeas issued on the 22d day of September, 1902, from the office of the clerk of this court. A commitment of the defendant had been issued by the clerk of the Sebastian circuit court on the 18th of September, 1902. The messenger to convey the prisoner to the penitentiary left Fort Smith with him on the night of September 22, and lodged him in the penitentiary on September 23, 1902, before the supersedeas was served on the officer charged with the execution of the sentence.

The petitioner prays *habeas corpus,* and that he may be sent back to the jail of Sebastian county. Section 2442, Sandels & Hill's Digest, provides that: "If a judgment of confinement in the penitentiary has been executed before the certificate of appeal .was de-

livered to the sheriff, whose duty it was to execute the judgment, the defendant shall remain in the penitentiary during the pendency of the appeal, unless discharged by the expiration of his term of confinement, or by pardon; and, upon a reversal, if a new trial is ordered, shall be removed back from the penitentiary to the county jail from which he was brought by the sheriff of said county." See *Youngblood* v. *State,* 35 Ark. 35.

Of course, this will not operate to prevent the defendant from giving bail, as provided in the act of February 28th, 1899 (p. 24, Acts 1899), which provides: "Section 1. That hereafter on appeal to the supreme court in criminal cases the defendant shall be permitted to give bail pending the appeal in such amount as the court may think proper and safe, in all cases, except in appeals from a conviction of a capital offense."

In this case the defendant does not ask for bail, but seeks removal only to the jail of Sebastian county.

Under section 2442 of Sand. & H. Dig., above quoted, the application is denied.